UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO:

JAMES NICHOLSON,

    Plaintiff,

v.

CITY OF MIAMI, a political subdivision of
the State of Florida, LESTER A. BOHNENBLUST,
individually and in his official capacity as a Corporal
with the City of Miami Police Department, and
JORGE COLINA, individually and in his official capacity
as Chief of the City of Miami Police Department.

    Defendants.
_____/

## COMPLAINT

    Plaintiff, JAMES NICHOLSON, sues Defendants, CITY OF MIAMI, a political subdivision of the State of Florida, LESTER A. BOHNENBLUST, individually and in his official capacity as a Corporal with the City of Miami Police Department, and JORGE COLINA, in his official capacity as Chief of the City of Miami Police Department for damages, jointly and severally, demands trial by jury, and alleges:

### NATURE OF THE ACTION

1. This is an action for damages arising from an unlawful arrest, use of force, intended to cause injury and severe emotional distress by an officer with the City of Miami Police Department that occurred on or about May 23, 2018, while Plaintiff was employed as a Nurse Manager at Jackson Memorial Hospital's Behavioral Health Child and Adolescent Unit. This action alleges violations of federal civil rights law, 42 U.S.C.§ 1983, and the laws of the State of Florida. The Plaintiff seeks in excess of $75,000, exclusive of interest and costs.

1

**JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C.§§ 1983 and 1988, the First, Fourth, and Fourteenth Amendments to the United States Constitution and the tort laws of Florida. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, 42 U.S.C. § 1983 and under the tort laws of Florida. Supplemental jurisdiction for additional state law claims is proper pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy. Plaintiff assert multiple state tort law claims.

3. Under 28 U.C.S. § 1391(b)(2), venue lies in the United States District Court for the Southern District of Florida, Miami Division, because it is the judicial district and division in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Plaintiff has complied with all conditions precedent required by § 768.28, Florida Statutes.

**PARTIES**

5. The Plaintiff, JAMES NICHOLSON (hereinafter referred to as "Plaintiff or NICHOLSON"), at all times material hereto, has been a resident of Miami-Dade County, Florida, over the age of eighteen years and otherwise sui juris.

6. Defendant City of Miami (hereinafter referred to as "Defendant City") is a political subdivision of the State of Florida, and at all relevant times had ultimate authority over the City of Miami Police Department and other defendants. Defendant City was responsible for the hiring, retention, training, supervision, discipline, and conduct of the individual defendants, as all of them were employed by the City of Miami Police Department at all relevant times.

7. Defendant LESTER BOHNENBLUST (hereinafter referred to as "Defendant BOHNENBLUST") was a duly appointed law enforcement officer of the City of Miami Police Department having the rank of Corporal, and at all times material hereto was acting under color of

law, to wit: under the color of statutes, ordinances, regulations, policies, practices, customs and usages of the City of Miami Police Department and/or the State of Florida. Defendant BOHNENBLUST, is being sued in his individual capacity.

8. Defendant JORGE COLINA (hereinafter referred to as "Defendant COLINA") is the former Chief of the City of Miami Police Department. At all times material hereto Defendant COLINA was responsible for adopting and implementing rules and regulations for all City of Miami police officers and ensuring compliance with those rules and regulations. Defendant COLINA was responsible for the training and supervision of City of Miami police officers, and for initiating corrective action for violations of the rules and regulations.

## GENERAL ALLEGATIONS

9. On May 23, 2018, Plaintiff was employed as a Nursing Manager at the Behavioral Unit at Jackson Memorial Hospital in Miami, Florida, when he was contacted by the nurse's station for assistance with a parent who had requested an evaluation of a juvenile that had been discharged from the hospital the previous day.

10. The juvenile was evaluated for a second time, and it was determined that the juvenile did not meet criteria for inpatient treatment.

11. The juvenile was thereafter discharged from the facility with follow-up plans.

12. NICHOLSON explained this to the parent and believed that the parent understood the decision and that everything was settled.

13. Shortly thereafter, NICHOLSON observed defendant BOHNENBLUST interacting with the juvenile and her parent inside the secured psychiatric unit of the hospital.

14. NICHOLSON approached and spoke with Defendant BOHNENBLUST and the family

and asked them to leave the secured unit because it is illegal to have a juvenile inside a locked psychiatric unit if the juvenile does not meet the criteria for commitment.

15. Defendant BOHNENBLUST told NICHOLSON that he had a completed Marchman Act form and requested that the juvenile be committed pursuant to said form.

16. NICHOLSON informed Defendant BOHNENBLUST that he was going to ask for assistance from the risk manager, but in the interim, he needed the juvenile to leave the secured unit because the juvenile had already been evaluated.

17. Defendant BOHNENBLUST ordered NICHOLSON to surrender his identification badge.

18. When NICHOLSON refused to provide his identification badge to Defendant BOHNENBLUST, Defendant BOHNENBLUST, without provocation or lawful reason, grabbed NICHOLSON by the collar of his suit jacket and pushed and pulled him down the hallway.

19. Defendant BOHNENBLUST told NICHOLSON that he was placing him under arrest.

20. Defendant BOHNENBLUST then grabbed NICHOLSON by his front jacket and held him against the wall.

21. NICHOLSON told Defendant BOHNENBLUST to "get off of me, let go of me, and to stop it."

22. At that time, Defendant BOHNENBLUST released NICHOLSON; however, when NICHOLSON attempted to walk away, Defendant BOHNENBLUST grabbed NICHOLSON and slammed him to the floor causing an injury to his left knee.

23. After NICHOLSON stood up he was handcuffed by another City of Miami police officer that had arrived on the scene after Defendant BOHNENBLUST called for back-up.

24. Once supervising City of Miami police officers arrived on the scene NICHOLSON was released from custody and the handcuffs were removed from his wrists.

25. Defendant BOHNENBLUST was subsequently arrested and subsequently terminated by the City of Miami Police Department based on his conduct in this matter.

26. On January 3, 2019, Defendant BOHNENBLUST was charged by the Miami-Dade State Attorney's Office with Battery on a Person 65 years of age or older and with False Imprisonment (Case No: F18-24682).

27. On April 16, 2019, City of Miami Police Department completed its internal affairs investigation into Plaintiff's allegations and found that cause existed to support the termination of Defendant BOHNENBUST by finding that he "(d) willfully violated any of the provisions of the Civil Service law or rules of the Board; (e) Has violated any awful and reasonable official regulation or order, or failed to obey any lawful or reasonable direction made and given by his/her superior, where such violation or failure to obey amounts to: (2) a serious breach of proper discipline; or (3) Resulted, or reasonably might be expected to result, in loss or injury to the City or to the public or to the prisoners or wards of the City, or: (h) Has been guilty of actions which amount to insubordination or disgraceful conduct, whether committed on duty or off; (i) Has been wantonly offensive in conduct or language toward the public or City officers or employees; (k) Is incompetent, negligent, or inefficient in the performance of the duties of the position held.

28. On June 3, 2019, Defendant BOHNENBLUST proceeded to trial.

29. On June 7, 2019, Defendant BOHNENBLUST was found guilty on both counts.

30. On June 19, 2019, the Court adjudicated Defendant BOHNENBLUST guilty on both counts.

31. On July 26, 2019, the Court sentenced Defendant BOHNENBLUST to 45 days jail, followed by 3 years probation.

## FEDERAL CLAIMS

## COUNT I

**False Imprisonment/Arrest-Fourth Amendment (42 U.S.C.§ 1983)**
**(Defendant Bohnenblust)**

32. NICHOLSON hereby incorporates paragraphs 1-31 as if specifically pled herein.

33. At no time did there exist probable cause to seize, arrest or detain NICHOLSON.

34. NICHOLSON committed no act justifying his seizure, arrest or unlawful detention.

35. As a direct and proximate result of the illegal detention and false imprisonment and arrest of NICHOLSON, NICHOLSON suffered physical and emotional harm, pain and suffering, financial loss and reputational damage resulting in loss of future earning capacity.

**WHEREFORE**, Plaintiff NICHOLSON seeks entry of this Court's order of final judgment against Defendant BOHNENBLUST for compensatory and punitive damages, attorney's fees, costs, and such other relief that the Court deems just and proper.

## COUNT II

**Excessive Use of Force-Fourth Amendment-(42 U.S.C.§ 1983)**
**(Defendant Bohnenblust)**

36. NICHOLSON hereby incorporates paragraphs 1-31 as if specifically pled herein.

37. NICHOLSON was physically taken into custody by BOHNENBLUST.

38. Defendant BOHNENBLUST's actions of slamming NICHOLSON to the floor, causing injury to his left leg, was unjustified, unreasonable, and excessive.

39. At no time during the events giving rise to this action did NICHOLSON commit any act, motion or gesture to cause Defendant BOHNENBLUST to use force, including excessive force, on his person.

40. The actions employed by Defendant BOHNENBLUST in detaining and arresting

NICHOLSON were excessive.

41. As a direct and proximate result of the excessive force used by Defendant BOHNENBLUST in arresting and detaining NICHOLSON, NICHOLSON suffered pain and suffering, as well as temporary and/or permanent physical injury, loss of income, incurred medical expenses, loss of future earning capacity, and humiliation and damage to his reputation.

**WHEREFORE**, Plaintiff NICHOLSON seeks entry of this Court's order of final judgment against Defendant BOHNENBLUST for compensatory and punitive damages, attorney's fees, costs, and such other relief that the Court deems just and proper.

## COUNT III

### Policy of Failing to Investigate/Discipline-(42 U.S.C.§ 1983)
### (Defendant City of Miami)

42. NICHOLSON re-alleges paragraphs 1 through 31 above as if specifically pled herein.

43. Given the position of authority of City of Miami police officers, which permits them to, among other things, shoot and/or kill individuals, conduct searches and seizures of property, effectuate arrests, exercise control of the person(s) arrested, the Defendant CITY OF MIAMI had a legal duty to:

   a. thoroughly and impartially investigate allegations of misconduct made against police officers;

   b. appropriately discipline police officers who are unable or unwilling to respect the constitutional rights of individuals or who violate constitutional rights, law and/or department policy, including termination for repeat violators; and

   c. prevent police officers who are unable or unwilling to respect the constitutional rights of individuals, laws and rules and regulations, from

performing tasks related to dealing with he public and the citizens within the City of Miami,

44. At all times material hereto, the Defendant CITY OF MIAMI, through the Internal Affairs division of its police department, had an unwritten custom, policy, or practice of failing to properly and impartially investigate use of force reports and/or allegations of misconduct against, and/or administer appropriate discipline to, offending police officers.

45. It was the unwritten custom or policy of the Defendant CITY OF MIAMI to accept a police officer's version of events surrounding that officer's use of force and/or an allegation of misconduct, and/or to make disciplinary decisions based on factors other than objective and impartial assessment of the facts underlying allegations of misconduct, and/or to allow police officers with a history of complaints of excessive force, unlawful arrests, and other violations of laws, rules of regulations to continue to serve in positions where they were likely to continue to engage in such misconduct.

46. The Defendant CITY OF MIAMI's unwritten policy, practice or custom of failing to impartially investigate an officer's use of force and/or allegations of police misconduct, and failing to discipline, train and/or supervise officers involved in such conduct is the direct cause of such violations as it has created an atmosphere where officers can violate rights without fear of supervision or discipline.

47. Prior to May 23, 2018, the Defendant CITY OF MIAMI had become aware of numerous use of force reports regarding Defendant BOHNENBLUST. These reports were investigated and reviewed by the City of Miami Police Department's Internal Affairs division.

48. Despite a clear and obvious pattern of violations of rules and regulations resulting in abuse

8

of citizen's rights by Defendant BOHNENBLUST, the Defendant CITY OF MIAMI remained deliberately indifferent, and continued to conduct non-objective investigations resulting in findings intended to circumvent or avoid its responsibility to discipline, reprimand or remediate Defendant BOHNENBLUST's unlawful behavior.

49. Based on the numerous and multitude of reports of use of force against Defendant BOHNENBLUST, the Defendant CITY OF MIAMI knew, or should have known, that its failure to conduct objective investigations or otherwise take action to discipline, reprimand or to effectively remediate his behavior, continued violations against the public by Defendant BOHNENBLUST were a certainty.

50. The Defendant CITY OF M IAMI's knowing indifference to the certainty of continued failure to adhere to its rules and regulations was the direct and proximate cause of the wrongful acts of Defendant BOHNENBLUST on May 23, 2018 and was itself a deprivation of NICHOLSON's rights.

51. As direct and proximate result of Defendant CITY OF MIAMI's deprivation of NICHOLSON's rights he suffered physical, emotional, financial and reputational injury.

**WHEREFORE**, NICHOLSON demands judgment against Defendant CITY OF MIAMI for compensatory damages, costs, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems appropriate.

## COUNT IV

### Policy of Failing to Investigate/Discipline-(42 U.S.C.§ 1983)
### (Defendant Jorge Colina)

52. NICHOLSON incorporates paragraphs 1-31 above as if fully pled herein.

53. At all times material hereto, Defendant COLINA was charged with the plenary

responsibilities to adopt and implement policies, practices, and procedures intended to ensure the protection of rights of the public by identifying City of Miami police officers who demonstrate an unwillingness or inability to obey City of Miami Police Department rules and regulations which may result in violations of constitutional and legal rights.

54. As such, Defendant COLINA owed a legal duty to NICHOLSON to take all lawful measures within his power as the City of Miami Chief of Police to protect him from deprivations of rights by exercising reasonable care to identify, supervise, train and/or eliminate officers who continually cause such abuses.

55. At all times material hereto, it was apparent that Defendant BOHNENBLUST was engaged in a wide-spread pattern of violations of citizen's rights, including, but not limited to those materially similar to the violations Defendant BOHNENBLUST committed against NICHOLSON.

56. Through a multitude of use of force reports and investigations conducted by the City of Miami Police Internal Affairs Division, Defendant COLINA knew, or should have known, that Defendant BOHNENBLUST was engaged in a pattern or violations of the City of Miami's rules and regulations, and that there was a certainty that Defendant BOHNENBLUST would continue to engage in such violations leading to the abuse of citizens' rights in the future.

57. Despite this knowledge, or being reasonably charged with this knowledge, Defendant COLINA failed to act to prevent the foreseeable abuses by Defendant BOHNENBLUST. As such, at all times material hereto, Defendant COLINA has remained deliberately indifferent to the reasonable certainty that Defendant BOHNENBLUST would avail himself of the opportunity to violate NICHOLSON's rights as described herein.

58. Defendant COLINA's deliberate indifference to the abuses by Defendant

BOHNENBLUST that occurred prior to May 23, 2018 is the direct and proximate cause of the injuries to NICHOLSON because acceptance and reasonable action with regard to the responsibilities for which he is charged would have certainly prevented such injuries.

**WHEREFORE**, NICHOLSON demands judgment against Defendant COLINA for compensatory and punitive damages, pain and suffering, costs, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems appropriate.

## STATE CLAIMS

## COUNT V

### False Imprisonment/Arrest-State Tort
### (Defendant Bohnenblust)

59. NICHOLSON incorporated paragraphs 1-31 as if fully pled herein.

60. The initial detention of NICHOLSON by Defendant BOHNENBLUST was illegal as there existed no probable cause to detain or arrest NICHOLSON.

61. The detention and arrest of NICHOLSON was done against his will.

62. As a direct and proximate result of the illegal detention and false imprisonment of NICHOLSON by Defendant BOHNENBLUST, NICHOLSON suffered physical injury, either temporary or permanent in nature, loss of income, loss of enjoyment of life, reputational damage, humiliation, and emotional harm, all resulting in loss of future earning capacity.

**WHEREFORE**, NICHOLSON seeks entry of this Court's order of final judgment against Defendant BOHNENBLUST for all damages incurred, costs, and such other relief as the Court deems just and proper.

## COUNT VI

### Intentional Infliction of Emotional Distress-State Tort
### (Defendant Bohnenblust)

63. NICHOLSON hereby incorporates paragraphs 1-31 as if fully pled herein.

64. The actions of Defendant BOHNENBLUST in determining to arrest NICHOLSON were an unlawful and corrupt abuse and usurpation of their his oath to uphold the laws of the State of Florida and the United States.

65. Likewise, Defendant BOHNENBLUST used the color of law of authority, using police powers to intentionally cause pain and suffering to NICHOLSON by violently grabbing and throwing him to the floor causing injury to his left knee and causing him to be arrested and placed in handcuffs.

66. At the time of his actions, Defendant BOHNENBLUST was aware of the injury being inflicted upon NICHOLSON and purposely chose to continue causing NICHOLSON to suffer.

67. Defendant BOHNENBLUST's conduct caused long term physical injury and severe emotional distress to NICHOLSON.

68. Defendant BOHNENBLUST's conduct alleged herein was a deliberate or reckless infliction of mental suffering.

69. By doing the acts complained of herein, Defendant BOHNENBLUST's conduct and actions were outrageous.

70. Defendant BOHNENBLUST's conduct was a direct and proximate cause of the emotional distress inflicted upon NICHOLSON.

71. Defendant BOHNENBLUST's conduct complained of herein caused NICHOLSON severe Distress which required NICHOLSON to see a therapist.

**WHEREFORE,** NICHOLSON seeks entry of this Court's order of final judgment against Defendant BOHNENBLUST for compensatory damages, costs, and such other relief that the Court deems just and proper.

## COUNT VII

### Assault and Battery-State Tort
### (Defendant Bohnenblust)

72. NICHOLSON hereby incorporates paragraphs 1-31 as if fully pled herein.

73. On May 23, 2018, Defendant BOHNENBLUST did touch or strike NICHOLSON in an offensive manner against his will and without his consent by violently grabbing him and forcefully throwing him to the floor without legal cause.

74. In doing so, Defendant BOHNENBLUST caused temporary or permanent injury to NICHOLSON's left knee.

75. As a direct and proximate result of the force used by Defendant BOHNENBLUST in grabbing and throwing NICHOLSON to the floor, NICHOLSON suffered extreme pain and suffering.

**WHEREFORE,** NICHOLSON seeks entry of this Court's order of final judgment against Defendant BOHNENBLUST for all damages incurred, attorneys' fees, costs, and such other relief that the Court deems just an proper.

## COUNT VIII
### Claim for Respondeat Superior Liability
### (Defendant CITY OF MIAMI)

76. NICHOLSON hereby incorporates paragraphs 1-31 as if fully pled herein.

77. Subject to certain statutory limitations, the Defendant CITY OF MIAMI is liable for the negligent or wrongful acts of its employees while acting within the scope of their office or employment to the same extent as a private employer.

78. At all times material hereto, Defendant BOHNENBLUST committed the torts of assault and battery, false imprisonment and intentional infliction of emotional distress while acting within the course and scope of his employment as an employee with the Defendant CITY OF MIAMI.

79. One statutory limitation on imposing respondeat superior liability of the Defendant CITY OF MIAMI is that it "shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the scope of her or his employment or committed in bad faith or with reckless purpose or in a manner exhibiting willful and wanton disregard of human rights, safety, or property."

80. As permitted by Fed. R. Civ. P 8(d), in the alternative to the contrary allegations set forth in this Complaint, NICHOLSON alleges that the Defendant BOHNENBLUST did not commit the above-mentioned torts of assault and battery, false imprisonment, intentional infliction of emotional distress in bad faith or with malicious purpose, or in a manner exhibiting willful and wanton disregard of human rights, safety, or property.

81. Accordingly, respondeat superior liability ought to be imposed on the Defendant CITY OF MIAMI for Defendant BOHNENBLUST's acts of assault and battery, false imprisonment and intentional infliction of emotional distress to the extent provided by law.

**WHEREFORE,** NICHOLSON seeks judgment against Defendant CITY OF MIAMI for compensatory damages, costs, and such other relief deemed just and proper by this Court.

### COUNT IX

### Claim for Negligent Supervision or Retention
### (Defendant CITY OF MIAMI and Defendant COLINA in his individual capacity as Chief of Police)

82. NICHOLSON hereby incorporates paragraphs 1-31 as if fully pled herein.

83. At all times material hereto Defendant CITY OF MIAMI and Defendant COLINA had a duty to protect the citizenry, including NICHOLSON, from City of Miami police officers, who were unfit to perform the tasks or functions within their discretionary authority.

84. Prior to May 23, 2018 Defendant CITY OF MIAMI and Defendant COLINA knew, or

should have known, of a pattern of violations of rules and regulations by Defendant BOHNENBLUST resulting in abuses of civil rights against the public.

85. Based on the pattern of rights violations prior to May 23, 2018, it was reasonably foreseeable to Defendant CITY OF MIAMI and Defendant COLINA that Defendant BOHNENBLUST would continue to violate rules and regulations resulting in such abuses.

86. Despite this knowledge Defendant CITY OF MIAMI and Defendant COLINA failed to take any sufficient corrective actions so as to prevent future violations, including the violations of NICHOLSON's constitutional and legal rights as alleged herein. Consequently, these defendants breached the duty owed to NICHOLSON.

87. As a direct and proximate cause of Defendant CITY OF MIAMI's and Defendant COLINA's failure to adequately supervise Defendant BOHNENBLUST, and their decision to retain Defendant BOHNENBLUST, despite the foreseeable consequences of the rights violations, NICHOLSON has suffered injury in the form of physical and emotional injury, financial and reputational injury, and loss of future income earning capacity,

   **WHEREFORE,** NICHOLSON seeks entry of this Court's order of final judgment against Defendants CITY OF MIAMI and COLINA for all damages incurred, attorneys' fees, costs, and such other relief that the Court deems just an proper.

## DEMAND FOR JURY TRIAL

As to each count and claim herein, which is so trial, the Plaintiff JAMES NICHOLSON seeks a trial by jury.

Respectfully submitted this April 24, 2022.

By: */s/Roderick D. Vereen, Esq.*
Roderick D. Vereen, Esq.
Florida Bar No: 869589

Law Office of Roderick D. Vereen, Esq., P.A.
P.O. Box 68-0697
Miami, Florida 33168
Tel: (786) 391-1751
Fax: (786) 409-3113
Email: Vereen2469@aol.com